```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
DAVID COLEMAN,                     :

                  Plaintiff,       :    07 Civ. 529 (GBD)(HBP)

    -against-                      :    REPORT AND
                                        RECOMMENDATION
N.Y.C. DEPARTMENT OF CORRECTION    :
G.M.D.C. C-73, 4 main, et al.,
                                   :
                  Defendants.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE GEORGE B. DANIELS, United States District Judge,

I. Introduction

By notice of motion dated August 26, 2009 (Docket Item 23), plaintiff moves for a default judgment against defendants Rivera and Calderon for failing to answer or move with respect to the complaint in a timely manner. For the reasons set forth below, I respectfully recommend that plaintiff's motion be granted.

II.  Facts

Plaintiff, who was formerly an inmate in the custody of the New York City Department of Corrections, commenced this action alleging that he was unjustifiably assaulted by defendants Rivera and Calderon.  According to plaintiff, on or about November 6, 2006 he was to be transported from Rikers Island to Bellevue Hospital for a psychiatric evaluation and was secured in leg irons and handcuffs in preparation for the trip.  Plaintiff claims that as he approached the vehicle in which he was to be transported, he was "thrown to the ground and was punch[ed] in [his] stomach and [his] head [and] was stomp[ed] in the pavement . . ." (Second Amended Compl. at 3).  Plaintiff further claims that he suffered lacerations that resulted in a scar on the right side of his head.

As a result of numerous delays on the part of plaintiff, the summons and second amended complaint were not served on Rivera and Calderon until May 26, 2009; Rivera and Calderon admit that they personally received the second amended complaint on June 10, 2009 and June 1, 2009, respectively (Affidavit of Victor Rivera, sworn to June 18, 2010 ("Rivera Aff."), ¶ 3; Affidavit of Fernando Calderon, Sworn to June 18, 2010 ("Calderon Aff."), ¶ 3, both of which are annexed as Exhibit D and C, respectively, to

the Declaration of Assistant Corporation Counsel Lisa M. Richardson, dated June 22, 2010 ("Richardson Decl.")).

Rivera and Calderon both claim that no later than June 10, 2009 they each submitted a Request for Legal Assistance Form to their personnel supervisor, with the understanding that the Form would be forwarded to the Legal Division of the New York City Department of Corrections (Rivera Aff. ¶¶ 4-5; Calderon Aff. ¶¶ 4-5). According to an associate attorney employed by the Legal Division of the New York City Department of Corrections, the Division received the two requests on or about June 19, 2009 but did not forward them to the New York City Corporation Counsel's Office because the associate attorney believed that Corporation Counsel already knew about the law suit (Declaration of Katherine Ajayi, dated June 18, 2010 ("Ajayi Decl."), ¶¶ 5, 7). The Legal Division did not forward the requests to the Corporation Counsel's Office until May 19, 2010.

Rivera and Calderon do not dispute that they failed to answer or move with respect to the amended complaint in a timely manner.

III. Analysis

As Rivera and Calderon acknowledge, three factors are relevant to determining whether they should be relieved of their

3

default:  "(1) whether the default was willful; (2) whether defendant[s] ha[ve] a meritorious defense, and (3) whether plaintiff will be prejudiced if the relief is granted" (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Default Judgment, dated June 22, 2010 ("Defendants' Memo."),(Docket Item 30) at 5).  Accord Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001); Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001); Gucci Am., Inc. v. Gold Ctr. Jewelry, 158 F.3d 631, 634 (2d Cir. 1998); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

> In applying the test, the court need be mindful of the Second Circuit's preference "that litigation disputes be resolved on the merits, not on default." Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995).  Moreover, the court resolves doubts in the movant's favor so that the case may be resolved, if possible, on the merits.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).

American Stevedoring, Inc. v. Banana Distrib., Inc., 98 Civ. 5782 (BSJ), 1999 WL 731425 at *2 (S.D.N.Y. Sept. 20, 1999) (Jones, D.J.); accord Powerserve Int'l, Inc. v. Lavi, supra, 239 F.3d at 514; Barnes v. Printron, Inc., 93 Civ. 5085 (JFK), 1999 WL 335362 at *1 (S.D.N.Y. May 25, 1999) (Keenan, D.J.); see also American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) ("Although courts have an interest in expediting litiga-

4

tion, abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct.").

Despite Rivera and Calderon's acknowledgment of the appropriate legal standard, their explanation of the reason for the default is based on an attorney's mistake of clearly-stated law and they offer no evidence whatsoever of a meritorious defense.  Accordingly, I am reluctantly compelled to conclude and to recommend that plaintiff's motion be granted.

    A.  <u>Willfulness</u>

In determining willfulness, the Court "will look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." <u>American Alliance Ins. Co. v. Eagle Ins. Co.</u>, <u>supra</u>, 92 F.3d at 60; <u>see</u> <u>also</u> <u>Jet Star Enters., Ltd v. CS Aviation Servs.</u>, 01 Civ. 6590 (DAB), 2004 WL  350733 at *5 (S.D.N.Y. Feb 23, 2004) (Batts, D.J.) .

> A default is deemed willful where a defendant simply ignores the complaint without action. <u>Marziliano v. Heckler</u>, 728 F.2d 151, 156 (2d Cir. 1984).  Thus, "where a party is notified that he is in default and he apparently makes no effort to appear pro se or to explain his situation to the court, such neglect is inexcusable." <u>Original Appalachian Artworks, Inc. v. Yuil Int'l Trading Corp.</u>, 105 F.R.D. 113, 116 (S.D.N.Y. 1985)(citation omitted).

SDI Capital Resources, Inc. v. 48-50 9th Operating, Inc., 98 Civ. 3784 (JSM), 1998 WL 512961 at *2 (S.D.N.Y. Aug. 18, 1998) (Martin, D.J.). A showing of bad faith is not required for the court to find willfulness. Gucci America, Inc. v. Gold Ctr. Jewelry, supra, 158 F.3d at 634. As defendants themselves note, "conduct may be found willful where it is egregious, not adequately explained or is rationalized by feeble excuse" (Defendants' Memo. at 7, citing SEC v. McNulty, 137 F.3d 732, 738-39 (2d Cir. 1998).

   The default here has not been adequately explained and has only been "rationalized by feeble excuse." As a matter of law, the belief on the part of the Department of Corrections' Legal Division that Corporation Counsel knew about the law suit was insufficient to trigger an obligation on the part of Corporation Counsel to defend Rivera and Calderon. A request for representation was essential, as a matter of law, to trigger an obligation on the part of Corporation Counsel to defend an employee of the Department of Corrections.

   Section 7-109 of the New York City Administrative Code provides:

> The corporation counsel, in his or her discretion may appear, or direct any of his or her assistants to appear, in any action or proceeding, whether criminal or civil, which may be brought against any officer, subordinate or employee in the service of the city, or of any of the counties contained therein, by reason of any acts done or omitted by such officer, subordinate

>or employee, while in the performance of his or her duty, <u>whenever such appearance is requested by the head of the agency in which such officer, subordinate or employee is employed or whenever the interests of the city require the appearance of the corporation counsel. The head of the agency in which such officer, subordinate or employee is employed shall submit all pertinent papers and other documents to the corporation counsel.</u>

(Emphasis added).  The Corporation Counsel's mere knowledge of a does not give rise to an obligation to defend, and the Administrative Code requires that the heads of city agencies forward requests for representation to the Corporation Counsel.

Similarly, New York General Municipal Law Section 50-k(2) provides:

>   <u>At the request of the employee</u> and upon compliance by the employee with the provisions of subdivision four of this section, [New York City] shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal court including actions under sections nineteen hundred eighty-one through nineteen hundred eighty-eight of title forty-two of the United States code arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred. . . .

(Emphasis added.)  Again, the employee's request for representation is essential to trigger the Corporation's Counsel's duty to defend.

In light of the foregoing, the statement by counsel for the Department of Corrections that she did not believe she was

7

obliged to forward the Rivera and Calderon's requests for representation makes no sense.  As an attorney working for an agency of the City of New York, she is chargeable with knowledge of the Administrative Code and New York's General Municipal Law, and although her failure to forward Rivera and Calderon's requests for representation to Corporation Counsel does not constitute willfulness or bad faith, it does constitute gross negligence. "Gross negligence can weigh against the party seeking relief from a default judgment, though it does not necessarily preclude relief."  American Alliance Ins. Co. v. Eagle Ins. Co., supra, 92 F.3d at 61.

      I have not overlooked the fact that the mistake here appears to be primarily on the part of the Department of Corrections' Legal Division.  Rivera and Colon promptly forwarded their requests for representation to the Legal Division; it was the Legal Division that failed to forward the requests as required by law.  However, the long period of inaction is not solely attributable to the Legal Division of the Department of Corrections. It appears that almost a year went by before Rivera and Calderon heard from the Corporation's Counsel's Office; Rivera and Calderon could not have reasonably believed that Corporation Counsel could represent them without at least speaking to them about the case and getting their version of the events in issue.

Although they were initially diligent, Rivera and Calderon's extended and unexplained period of inactivity supports an inference of gross negligence.

    B. Existence of a
       <u>Meritorious Defense</u>

In order to demonstrate a meritorious defense, a defendant need only meet a "'low threshold.'" <u>Holford USA Ltd. v. Harvey</u>, 169 F.R.D. 41, 44 (S.D.N.Y. 1996), <u>quoting</u> <u>Meehan v. Snow</u>, 652 F.2d 274, 277 (2d Cir. 1981), <u>accord</u> <u>Randazzo v. Sowin</u>, 97 Civ. 0967 (DC), 1998 WL 391161 at *3 (S.D.N.Y. July 13, 1998) (Chin, D.J.).

> In connection with a motion to vacate a default judgment, a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense. <u>See</u> <u>Enron Oil</u>, 10 F.3d at 98. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." <u>Id</u>.

<u>Pecarsky v. Galaxiworld.com Ltd.</u>, <u>supra</u>, 249 F.3d at 173. <u>See also</u> <u>American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.</u>, <u>supra</u>, 92 F.3d at 61, <u>quoting</u> <u>Anilina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc.</u>, 856 F.2d 873, 879 (7th Cir. 1988) ("'[a] defense is meritorious if it is good at law so as to give the fact-finder some determination to make'"); <u>Snall v. City of New York</u>, 97-CV-5204 (ILG), 1999 WL 1129054 at *2 (E.D.N.Y. Oct.

19, 1999) (party seeking to avoid a default judgment or to set aside default "need not conclusively establish the validity of his [or her] defense, only that he [or she] has a potentially meritorious defense"), aff'd, 242 F.3d 367 (2d Cir. 2000); Securities & Exch. Comm'n v. McNulty, 94 Civ. 7114 (MBM), 1996 WL 422259 at *5 (S.D.N.Y. July 29, 1996) ("Conclusory statements do not suffice; the moving party . . . must support its general denials with some underlying facts.")(inner quotation omitted), aff'd, 137 F.3d 732 (2d Cir. 1998).

     Again, Rivera and Calderon concede that some factual showing is necessary to establish the existence of a meritorious defense:  "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, a defendant must present evidence of facts that, 'if proven at trial, would constitute a complete defense,' Enron Oil Corp., 10 F.3d at 98." (Defendants' Memo. at 9).  See also Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320-21 (2d Cir. 1986) ("[T]he moving party on a motion to reopen a default must support its general denials with some underlying facts."); accord Lowey Dannenberg Cohen PC v. Dugan, 249 F.R.D. 67, 70 (S.D.N.Y. 2008) (Kaplan, D.J.); 10A Charles A. Wright, Arthur R. Miller and Mary K. Kane, Federal Practice & Procedure § 2697 at 160 (3rd ed. 1998) ("A majority of he courts that have considered the question

have refused to accept general denials or conclusory statements that a defense exists; they have insisted upon a presentation of some factual basis for the supposedly meritorious defense."). The absence of a meritorious defense is sufficient reason to deny a motion to vacate a default. New York v. Green, 420 F.3d 99, 109 (2d Cir. 2008).

Even under the lenient standard applicable in this context, the record currently before me fails to establish the existence of a meritorious defense. In support of their contention that they have a meritorious defense, all that Rivera and Calderon each offer is the following:

> 14. I have in no way violated plaintiff's Constitutional Rights.
>
> 15. I believe I have a meritorious defense to this lawsuit and request that the Court deny plaintiff's motion for a default judgment against me.

(Rivera Aff. ¶¶ 14-15; Calderon Aff. ¶¶ 14-15). Rivera and Calderon offer no facts whatsoever to support their claim of a meritorious defense. This is precisely the type of bald assertion that has met with all but universal condemnation. After reading defendants' affidavits, I have no idea if they are claiming they were somewhere else at the time of the alleged assault, that the assault never took place, that plaintiff was not in custody on the date alleged or that any force used against

11

plaintiff was justified by plaintiff's misconduct.  In short, the factual basis for the purportedly meritorious defense is entirely lacking.

    C.  <u>Prejudice</u>

There has been no showing that denial of the motion for a default judgment would result in prejudice to plaintiff.

In order to establish prejudice, plaintiffs must demonstrate "'that the delay will result in the loss of evidence, create increased difficulties for discovery, or provide greater opportunity for fraud and collusion.'"  <u>SDI Capital Resources, Inc. v. 48-50 9th Operating, Inc.</u>, <u>supra</u>, 1998 WL 512961 at *2, <u>quoting</u> <u>Davis v. Musler</u>, 713 F.2d 907, 916 (2d Cir. 1983); <u>accord</u> <u>Wilkins v. CTI Records</u>, 96 Civ. 7245-7248 (WK), 1998 WL 214790 at *2 (S.D.N.Y. May 1, 1998) (Knapp, D.J.); <u>Snall v. City of New York</u>, <u>supra</u>, 1999 WL 1129054 at *2; <u>see</u> <u>also</u> <u>Mathon v. Marine Midland Bank, N.A.</u>, 875 F. Supp. 986, 993 (E.D.N.Y. 1995) (no prejudice found where some defendants had only recently accepted service and discovery had not yet commenced).  "Delay alone does not establish prejudice."  <u>Uehigashi v. Kanamori</u>, 00 Civ. 5390 (DLC), 2001 WL 649818 at *3 (S.D.N.Y. June 12, 2001) (Cote, D.J.), <u>citing</u> <u>Enron Oil Corp. v. Diakuhara</u>, <u>supra</u>, 10 F.3d at 98; <u>accord</u> <u>Davis v. Musler</u>, <u>supra</u>, 713 F.2d at 916.

The majority of the delay in this matter has resulted from the plaintiff's own delay in completing service and there has been no showing that permitting defendants to answer at this time would result in prejudice to plaintiff.  Thus, this factor weighs in favor of Rivera and Calderon.

D. <u>Summary</u>

Based on the record before me, gross negligence appears to underlie Rivera and Calderon's long period of inaction and there been no proffer of facts that would support a meritorious defense.  Because two out of the three relevant factors weigh in favor of plaintiff, I conclude, reluctantly, that his motion should be granted.

I am keenly aware of the strong policy in this Circuit in favor of resolving cases on the merits and against default judgments.  In light of the sparse showing made by Rivera and Calderon, however, permitting the policy against default judgments to have controlling weight here would essentially ignore two of the three factors relevant to whether a default should be disregarded and permit defaults to be overlooked so long as there is no prejudice to plaintiff -- a result that itself would be contrary to controlling precedent.

13

IV. <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I respectfully recommend that plaintiff's motion for a default judgment as to defendants Rivera and Calderon be granted.

V. <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. <u>See</u> <u>also</u> Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable George B. Daniels, United States District Judge, 500 Pearl Street, Room 630, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair</u>

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        September 15, 2010

                                            Respectfully submitted,

                                            HENRY PITMAN
                                            United States Magistrate Judge

Copies mailed to:

Mr. David Coleman
Apt. 3-D
1380 Riverside Drive
New York, New York  10033

Lisa M. Richardson, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007