

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DAVID COLEMAN,

                 Plaintiff,

    -v-

N.Y.C. DEPARTMENT OF CORRECTION
G.M.D.C. C-73, 4 main, et al.,

                Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER
07 Civ. 529 (GBD)(HBP)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff brings this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Correction Officers Rivera and Calderon stomped his head to the ground while he was being transported to Bellevue Hospital.

    On November 12, 2009, Plaintiff moved for entry of default judgment against Officers Rivera and Calderon after they failed to answer or move to dismiss. Defendants contend that Officers Rivera and Calderon followed proper procedure and that their failure to move or answer was due to the Department of Correction's inadvertent error.

    This Court referred the matter to Magistrate Judge Henry Pitman for a Report and Recommendation. Magistrate Judge Pitman issued a Report and Recommendation ("Report") recommending that this Court grant Plaintiff's Motion for Default Judgment because the failure to respond to the Complaint was grossly negligent, and Defendants had not stated a meritorious defense.[1]

---

[1] Although Officers Rivera and Calderon submitted a Request for Legal Assistance Form to their personnel supervisor in June, 2009, the Legal Division did not forward the requests to the New York City Corporation Counsel until June, 2010.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Pitman advised Defendants that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Defendants timely filed objections and asked this Court to consider further evidence demonstrating that they had a meritorious defense. This Court has examined the Magistrate Judge's Report in light of Defendants' objections. In response to Magistrate Judge Pitman's Report, Defendants articulated a meritorious defense by submitting evidence and denying that they caused the alleged injuries. The evidence demonstrates that the Department of Corrections conducted an investigation into Coleman's claims and determined that the injuries Plaintiff sustained were self-inflicted when he began banging his head against

the wall of the transport van.

Magistrate Judge Pitman properly concluded that the Court should examine three factors when determining whether to grant or deny a motion for default judgment: (1) whether the failure to respond was willful; (2) whether defendants have a meritorious defense, and (3) whether plaintiff was prejudiced by the delay. Pecarsky v. Glaxiword.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001). He properly concluded that Plaintiff is not prejudiced by the delay. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). The Magistrate Judge ruled that defendants had not identified a meritorious defense in their response to the motion. Because the Magistrate Judge found that two out of the three relevant factors weigh in favor of Plaintiff, the Court concluded reluctantly that Plaintiff's motion should be granted.

Although they offered no facts whatsoever to support their claim of a meritorious defense before Magistrate Judge Pitman, the further evidence received by this Court pursuant to Fed. R. Civ. P. 72(b) supports Defendant's claim that they have now articulated a meritorious defense. The test for the meritorious defense prong is "whether the evidence submitted, if proven at trial, would constitute a complete defense." Holford USA Ltd. v. Harvey, 169 F.R.D. 41, 44 (S.D.N.Y. 1996). It is a low threshold. Id.

Defendants have submitted various reports and memoranda which indicate that the Department of Corrections conducted an investigation into Coleman's allegations and determined that his injuries were self-inflicted, directly refuting Plaintiff's claim that Officers Calderon and Rivera assaulted him and caused his injuries. That evidence would constitute a complete defense to Coleman's claims if successfully asserted at trial. Therefore, the Officers have articulated a meritorious defense.[2] Because Defendants have now articulated a meritorious

---

[2] Though the Officers also assert qualified immunity as an affirmative defense, they have not explained, nor is it apparent, in what way qualified immunity would apply to the disputed facts of this case.

defense, this Court does not adopt Magistrate Judge Pitman's recommendation that this Court grant Plaintiff a default judgment.

## Conclusion

Plaintiff's Motion for Default Judgment is denied. Defendants are ordered to answer the complaint within 30 days from the date of this order.

Dated: October 8, 2010
      New York, New York

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge